FILED

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Michael Marchand (SBN 281080)
   mmarchand@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Los Angeles, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiffs*
   *Coach, Inc. and Coach Services, Inc.*
7

2012 APR 25  PM 1:24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 COACH, INC., a Maryland Corporation,     CASE NO. **CV12-3591**
   COACH SERVICES, INC., a Maryland
12 Corporation,                             **COMPLAINT FOR DAMAGES:**

13                     Plaintiffs,          **1.   TRADEMARK INFRINGEMENT**

14          vs.                             **2.   TRADEDRESS
                                                   INFRINGEMENT**
15 SUNMAX EYEWEAR CORP., a
   California Corporation; JAMES LEE, an    **3.   FALSE DESIGNATIONS OF
16 individual; and DOES 1-10, inclusive,          ORIGIN AND FALSE
                                                   DESCRIPTIONS**
17                     Defendants.
                                            **4.   FEDERAL TRADEMARK
18                                                 DILUTION**

19                                          **5.   TRADEMARK DILUTION
                                                   UNDER CALIFORNIA LAW**
20
                                            **6.   COPYRIGHT INFRINGEMENT**
21
                                            **7.   COMMON LAW UNFAIR
22                                                 COMPETITION**

23                                          **8.   BREACH OF CONTRACT**

24                                          **JURY TRIAL DEMANDED**

25      Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Plaintiffs") for

26 their claims against Defendants Sunmax Eyewear Corp. and James Lee (collectively

27 "Defendants") respectfully alleges as follows:

28

                                  1
                       **COMPLAINT FOR DAMAGES**

**JURISDICTION AND VENUE**

1.     Plaintiffs file this action against Defendants for copyright infringement under 17 U.S.C. § 101, et seq., as well as trademark and trade dress infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California.  This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.     This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' trademark infringement claims.

3.     This Court has personal jurisdiction over Defendants because Defendants reside and/or conduct business within this judicial district, and the acts complained of occurred in this judicial district.

4.     This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this judicial district.

**THE PARTIES**

5.     Plaintiff Coach Services, Inc. is a corporation organized and existing under the laws of the state of Maryland with an office and principal place of business in New York, New York. Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.  Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6.     Upon information and belief, Defendant Sunmax Eyewear Corp. ("Sunmax") is a corporation organized and existing under the laws of the state of

1  California with an office and principal place of business at 1248 South Main Street in
2  the city of Los Angeles, California.

3      7.      Upon information and belief, Defendant James Lee is an individual
4  residing in this judicial district and doing business as Sunmax Eyewear Corp.

5      8.      Plaintiffs are unaware of the names and true capacities of Defendants,
6  whether individual, corporate and/or partnership entities, named herein as DOES 1
7  through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will
8  seek leave to amend this complaint when their true names and capacities are
9  ascertained.  Plaintiffs are informed and believes and based thereon alleges that said
10  Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the
11  wrongs alleged herein, and that at all times referenced each was the agent and servant
12  of the other Defendants and was acting within the course and scope of said agency and
13  employment.

14      9.      Plaintiffs are informed and believe, and based thereon allege, that at all
15  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or
16  reasonably should have known of the acts and behavior alleged herein and the damages
17  caused thereby, and by their inaction ratified and encouraged such acts and behavior.
18  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a
19  non-delegable duty to prevent or cause such acts and the behavior described herein,
20  which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to
21  perform.

22              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

23      **A.      The Coach Brand its Family of Marks**

24      10.      Coach was founded more than sixty years ago as a family-run workshop
25  in a Manhattan loft.  Since that time, Coach has been engaged in the manufacture,
26  marketing, and sale of fine leather and mixed material products including handbags,
27  wallets, travel cases, briefcases, planners and diaries, leather goods, watches, eyewear,
28  footwear, apparel, and accessories.

11.   Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components, including the CC Mark (collectively "Coach Marks").

12.   Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components, including the CC Mark.

13.   Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's CC Mark (see below). Coach has used the CC Mark in association with the sale of goods since as early as 2001. The CC Mark was first registered at the U.S. Patent and Trademark Office on September 24, 2002. Registrations for the CC Mark include, but are not limited to, U.S. Reg. Nos. 2,626,565; 2,822,318; 2,832,589; and 3,695,290.



14.   Coach has used the CC Mark in connection with the sale of goods since as early as 2001.

15.   Many of Coach's products exhibit composites of the CC Mark in an assortment of different sizes, patterns, and colors ("CC Design"), to which Coach owns the copyright registration (U.S. Reg. No. VA0001228917).

16.   Plaintiffs' Coach Marks are highly recognized by the public and serve to identify the source of the goods as Coach.

17.   Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products, including eyewear, bearing the Coach Marks. These registrations are valid and subsisting and are incontestable. Through longstanding use, advertising and registration, the Coach Marks have achieved a high degree of consumer recognition and constitute famous marks.

COMPLAINT FOR DAMAGES

18. Coach and its predecessors have continuously used the Coach Marks and Coach Designs in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades.

19. Coach and its predecessors have achieved sales volumes of over three billion dollars annually from goods bearing the Coach Marks. As such, the Coach Marks and the goodwill associated therewith are valuable assets of Coach.

20. Coach and its predecessors have expended over a hundred million dollars in advertising, promoting, and marketing goods featuring the Coach Marks.

21. Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. The arbitrary and distinctive Coach Marks identify Coach as the source/origin of the goods on which it appears.

**B.    Defendants' Infringing Conduct**

22. In or around December 2, 2011, Plaintiffs' investigators surveyed Sunmax, located 1248 Main Street in the city of Los Angeles, California for possible counterfeit merchandise. While there, Plaintiffs' investigators obtained various counterfeit merchandise, including sunglasses bearing counterfeit reproductions of one or more of the Coach Marks.

23. Specifically, many of the products obtained from Sunmax bore marks and designs identical and/or substantially indistinguishable from Coach's CC Mark that appeared in such a manner as to imitate the CC Design.

24. Representatives from Coach have inspected the merchandise obtained from Sunmax and have determined said products to be counterfeit.

25. None of the above named Defendants are authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks and copyrights.

COMPLAINT FOR DAMAGES

26.     Upon information and belief, James Lee, as President of Sunmax, was an active, moving, conscious force behind Sunmax's alleged infringing activities.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

27.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

28.     Plaintiffs' Coach Marks, including the CC Mark, are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

29.     The registrations embodying the Coach Marks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

30.     Defendants' unauthorized use of the Coach Marks on merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Coach Marks.

31.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

32.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

33.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to its business

6

1  and reputation unless Defendants are restrained by this Court from infringing

2  Plaintiffs' trademarks.

3      34.    Plaintiffs have no adequate remedy at law.

4      35.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

5  prohibiting Defendants from Plaintiffs' Coach Marks, or any marks confusingly

6  similar thereto, for any purpose, and to recover from Defendants all damages,

7  including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of

8  such infringing acts, and all gains, profits and advantages obtained by Defendants as a

9  result thereof, in an amount not yet known, as well as the costs of this action pursuant

10  to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. §

11  1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

12  **SECOND CLAIM FOR RELIEF**

13  **(Trade Dress Infringement)**

14      36.    Plaintiffs incorporate herein by reference the averments of the preceding

15  paragraphs as though fully set forth herein.

16      37.    The CC Design is nonfunctional and their inherently distinctive quality

17  has achieved a high degree of consumer recognition and serves to identify Coach as

18  the source of high quality goods.

19      38.    Defendants' unauthorized use of the CC Design on its merchandise in

20  interstate commerce and advertising relating to same constitutes false designation of

21  origin and a false representation that the goods and services are manufactured, offered,

22  sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from

23  the same source as Plaintiffs' goods when in fact they do not.

24      39.    Defendants' use of the CC Design is without Plaintiff's permission or

25  authority and in total disregard of Plaintiff's rights to control its trademarks.

26      40.    Defendants' use of the CC Design is likely to lead to and result in

27  confusion, mistake or deception, and are likely to cause the public to believe that

28  Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or

1  affiliated with Defendants' commercial and business activities, all to the detriment of

2  Plaintiffs.

3      41.    Plaintiffs have no adequate remedy at law.

4      42.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

5  prohibiting Defendants from using the CC Design, and to recover all damages,

6  including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains,

7  profits and advantages obtained by Defendants as a result of their infringing acts

8  alleged above in an amount not yet known, and the costs of this action.

9                     **THIRD CLAIM FOR RELIEF**

10         **(False Designations Of Origin And False Descriptions)**

11     43.    Plaintiffs incorporate herein by reference the averments of the preceding

12  paragraphs as though fully set forth herein.

13     44.    The Coach Marks and CC Design are nonfunctional and their inherently

14  distinctive quality has achieved a high degree of consumer recognition and serves to

15  identify Coach as the source of high quality goods.

16     45.    Defendants' unauthorized use of Plaintiffs' Coach Marks and CC Design

17  on its merchandise in interstate commerce and advertising relating to same constitutes

18  false designation of origin and a false representation that the goods are manufactured,

19  offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or

20  come from the same source as Plaintiffs' goods when in fact they do not.

21     46.    Defendants' use of Plaintiffs' Coach Marks and CC Design is without

22  Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control

23  its trademarks.

24     47.    Defendants' activities are likely to lead to and result in confusion, mistake

25  or deception, and are likely to cause the public to believe that Plaintiffs have produced,

26  sponsored, authorized, licensed or is otherwise connected or affiliated with

27  Defendants' commercial and business activities, all to the detriment of Plaintiffs.

28     48.    Plaintiffs have no adequate remedy at law.

49.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Marks and CC Design, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of Lanham Act)

50.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51.     Plaintiffs' Coach Marks and CC Design are "famous" within the meaning of the Lanham Act.

52.     Defendants have used in commerce in connection with the sale of their products counterfeit reproductions of the Coach Marks and CC Design, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiffs.

53.     Defendants' acts described above have diluted and continue to dilute Plaintiffs' unique and distinctive trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' trademarks.

54.     Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' Coach Marks and CC Design became famous.

55.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' Coach Marks and CC Design.  Defendants' conduct is willful, wanton and egregious.

1    56.    Plaintiffs have no adequate remedy at law to compensate it fully for the

2    damages that have been caused and which will continue to be caused by Defendants'

3    unlawful acts, unless they are enjoined by this Court.

4    57.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

5    prohibiting Defendants from using any of Plaintiffs' Coach Marks and CC Design, nor

6    any marks/designs confusingly similar thereto, and to recover all damages, including

7    attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and

8    advantages obtained by Defendants as a result of their infringing acts alleged above in

9    an amount not yet known, and the costs of this action.

10                               **FIFTH CLAIM FOR RELIEF**

11          **(Trademark Dilution in Violation of Cal. & Bus. Prof. Code)**

12    58.    Plaintiffs incorporate herein by reference the averments of the preceding

13    paragraphs as though fully set forth herein.

14    59.    Plaintiffs' Coach Marks and CC Design are distinctive in the State of

15    California by virtue of their substantial inherent and acquired distinctiveness, extensive

16    use in the State of California and the extensive advertising and wide spread publicity

17    of the marks in the State of California.

18    60.    As a result of Plaintiffs' trademarks' substantial inherent and acquired

19    distinctiveness, extensive use in the State of California, and the extensive advertising

20    and publicity of the marks in the State of California, Plaintiffs' trademarks have

21    become strong and are widely renowned.

22    61.    The actions of Defendants complained of herein are likely to injure the

23    business reputation and dilute the distinctive quality of Plaintiffs' trademarks which

24    are famous.

25    62.    The conduct herein complained of was extreme, outrageous, fraudulent,

26    and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct

27    was despicable and harmful to Plaintiffs and as such supports an award of exemplary

28

1  and punitive damages in an amount sufficient to punish and make an example of the

2  Defendants and to deter them from similar such conduct in the future.

3       63.    By reason of the foregoing, Plaintiff is being damaged by Defendants'

4  unauthorized and illegal use of Plaintiffs' trademarks in the manner set forth above and

5  will continue to be damaged unless Defendants are immediately enjoined under

6  Section 14247 of the California Business and Professions Code from using any of

7  Plaintiffs' trademarks.

8       64.    Plaintiffs will be irreparably injured by the continued acts of Defendants,

9  unless such acts are enjoined.

10       65.    Plaintiffs have no adequate remedy at law.

11       66.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

12  prohibiting Defendants from using the Coach Marks and CC Design, or any

13  marks/designs confusingly similar thereto, for any purpose, destruction of the

14  counterfeit Coach merchandise, and to recover up to three times their profits from, and

15  up to three times all damages suffered by reason of, Defendants' wrongful

16  manufacture, use, display, or sale of infringing Coach products.

**SIXTH CLAIM FOR RELIEF**

**(Copyright Infringement)**

19       67.    Plaintiffs incorporate herein by reference the averments of the preceding

20  paragraphs as though fully set forth herein.

21       68.    As the owner of the CC Design (U.S. Reg. No. VA0001228917), Coach is

22  entitled to exclusive use of this design without the unauthorized use by third parties.

23       69.    Given the widespread popularity of the CC Design, Defendants had access

24  to said copyrighted work and, upon information and belief, Defendants have

25  knowingly infringed upon said design by manufacturing, distributing, advertising and

26  selling piratical copies of the design to the public in violation of 17 U.S.C. § 501.

27       70.    Upon information and belief, Defendants have intentionally, knowingly

28  and willfully copied Coach's CC Design in order to personally benefit from the

11

**COMPLAINT FOR DAMAGES**

1   widespread customer recognition and acceptance of said designs/logos, and to

2   capitalize upon the market created by said designs.

3       71.   Upon information and belief, the aforesaid infringements by Defendants

4   of Plaintiffs' copyrighted works occurred and continue to occur with the knowledge

5   that such designs are copyrighted and the Defendants, in committing the acts

6   complained of herein, has willfully infringed upon Plaintiffs' rights under the

7   Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

8       72.   Defendants' infringement of Plaintiffs' copyrighted works is to the great

9   and irreparable damage of Plaintiffs, and Plaintiffs are informed and believes, as

10  indicated, that Defendants will continue such infringement unless enjoined by this

11  Court.

12      73.   Plaintiffs have suffered loss of profits and other damage, and Defendants

13  have earned illegal profits in an amount to be proven at trial, as the result of the

14  aforesaid acts of Defendants.

15      74.   Plaintiffs have no adequate remedy at law.

16      75.   In light of the foregoing, Plaintiffs are entitled to injunctive relief

17  prohibiting Defendants from using the CC Design, and to recover from Defendants all

18  damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a

19  result of such infringing acts, and all gains, profits and advantages obtained by

20  Defendants as a result thereof, in an amount not yet known, as well as the costs of this

21  action pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. §

22  504(b), and attorneys' fees and treble damages pursuant to 17 U.S.C. § 505(b),

23  ## SEVENTH CLAIM FOR RELIEF

24  ### (Common Law Unfair Competition)

25      76.   Plaintiffs incorporate herein by reference the averments of the preceding

26  paragraphs as though fully set forth herein.

27      77.   Plaintiffs own and enjoy common law trademark rights in California and

28  throughout the United States.

78.     Defendants' unlawful acts in appropriating rights in Plaintiffs' common law trademarks were intended to capitalize on Plaintiffs' goodwill for Defendants' own pecuniary gain.  Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks.  As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiffs.

79.     Defendants' unauthorized use of Plaintiffs' Coach Marks and CC Design has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

80.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

81.     Defendants' acts constitute unfair competition under California common law.

82.     Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

83.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

84.     Plaintiffs have no adequate remedy at law.

85.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Marks and CC Design, or any marks/designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

COMPLAINT FOR DAMAGES

## EIGHTH CLAIM FOR RELIEF

### (Breach of Contract)

86.     Plaintiffs incorporate by reference the averments of the preceding paragraphs as though fully set forth herein.

87.     On May 4, 2010, Coach filed an action in the United States District Court for the Central District of California entitled Coach Services, Inc. v. Sunmax Eyewear Corp., bearing Case No. 10-3331 JFW (JCGx) ("2010 Action") against Defendants for trademark infringement and related claims in connection with Defendants' sale of counterfeit Coach products.

88.     Coach reached a settlement agreement with Defendants in the 2010 Action in which Defendants agreed that they would not longer

> "Manufacture, purchase, produce, distribute, circulate, sell, offer for sale, import, expert, advertise, promote, display, ship, or market goods bearing a mark or feature identical and/or confusingly similar to the Coach Marks…"

89.     Pursuant to the settlement and in consideration for Defendants' obligations under the agreement, Coach dismissed with prejudice Defendants from the 2010 Action.

90.     In December, 2011, Coach's investigators discovered that Defendants had continued to engage in the sale of merchandise bearing marks identical and/or confusingly similar to the Coach Marks – specifically the CC Mark, infringement thereof which was also at issue in the 2010 Action.

91.     By continuing to sell merchandise bearing marks which infringe upon the Coach Marks, Defendants have materially breached the settlement agreement with Coach.

92.     By way of the foregoing conduct, Plaintiffs have been damaged by loss of past, present, and future earnings and benefits, in a sum not presently ascertainable but

1    which is in excess of the jurisdictional minimum of this Court, which will be proven at

2    the time of trial.

3                                    **PRAYER FOR RELIEF**

4        **WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in its

5    favor and against Defendants as follows:

6        A.    Granting temporary, preliminary and permanent injunctive relief

7    restraining Defendants, their agents, servants, employees, officers, associates,

8    attorneys, and all persons acting by, through, or in concert with any of them, from:

9            (1)    Using the CC Mark and/or CC Design, or any marks confusingly

10   similar thereto,  in connection with the manufacturing, distribution, advertising,

11   offering for sale, and/or sale of merchandise;

12           (2)    Using any of Coach's federally registered trademarks, copyrighted

13   works, and/or designs in connection with the manufacturing, distribution, advertising,

14   offering for sale, and/or sale of merchandise;

15           (3)    Committing any other act which falsely represents or which has the

16   effect of falsely representing that the goods and services of Defendants are licensed by,

17   authorized by, offered by, produced by, sponsored by, or in any other way associated

18   with, Coach;

19           (4)    Otherwise infringing upon Coach's federally registered trademarks,

20   copyrighted works, and/or trade dresses;

21           (5)    Otherwise diluting Coach's federally registered trademarks,

22   copyrighted works, and/or trade dresses;

23           (6)    Unfairly competing with Coach.

24       B.    Awarding actual damages suffered by Plaintiffs as a result of Defendants'

25   acts;

26       C.    Ordering an accounting by Defendants of all gains, profits and advantages

27   derived from their wrongful acts;

28       D.    Ordering Defendants to disgorge its profits;

1      E.    Awarding Plaintiffs all of Defendants' profits and all damages sustained

2  by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory

3  damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C.

4  § 1117(a) and 17 U.S.C. § 504(b).

5      F.    Awarding treble damages in the amount of Defendants' profits or

6  Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15

7  U.S.C. § 1117(b).

8      G.    Awarding applicable interest, costs, disbursements and attorneys' fees,

9  pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

10     H.    Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c)

11  and 17 U.S.C. § 504(c);

12     I.    Awarding Plaintiffs punitive damages in connection with its claims under

13  California law; and

14     J.    Awarding Plaintiffs such other and further relief as the Court deems just

15  and proper.

16

17  Dated:      April 19, 2012       BLAKELY LAW GROUP

18

19                         By:

20                            Brent H. Blakely

                                 Michael Marchand

21                          ***Attorneys for Plaintiffs***

                                 ***Coach, Inc. and Coach Services, Inc.***

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

3   demand a trial by jury as to all claims in this litigation.

4

5   Dated:  April 19, 2012                           BLAKELY LAW GROUP

6

7                                                      By: _____

8                                                      Brent H. Blakely
                                                       Michael Marchand
9                                                      *Attorneys for Plaintiffs*
                                                       *Coach, Inc. and Coach Services, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Coach, Inc., and Coach Services, Inc.

**DEFENDANTS**

Sunmax Eyewear Corp, and James Lee

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Blakely Law Group       Telephone: (323) 464-7400
915 North Citrus Avenue, Hollywood, California 90038

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark Infringement - Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange |  | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations |  | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** |  | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee ☐ 465 Other Immigration Actions |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   CV12-3591

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑Yes
If yes, list case number(s): CV 10-03331 JFW (JCGx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Maryland |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Claims - Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 4/18/2012

    **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 3591 MMM (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Brent. H. Blakely (SBN 157292)
Michael Marchand (SBN 281080)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation, COACH SERVICES, INC., a Maryland Corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>SUNMAX EYEWEAR CORP., a California Corporation; JAMES LEE, an individual; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-3591-mmm (PJWx)<br><br><br>SUMMONS |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Blakely Law Group _____, whose address is 915 North Citrus Avenue, Hollywood, California 90038 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   APR 2 5 2012 _____

By: _____
                        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                         **SUMMONS**