Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile:  (323) 464-7410

JS-6

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation, and COACH SERVICES, INC., a Maryland Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNMAX EYEWEAR CORP., a California Corporation; JAMES LEE, an individual; and DOES 1-10, inclusive,<br><br>Defendants | CASE NO. CV 12-3591(JFW) (JCGx)<br><br>**ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs" or "Coach") and Defendants Sunmax Eyewear Corp. and James Lee ("Defendants") have entered into a stipulation re consent judgment and voluntary dismissal as to the claims in the above reference matter.  Defendants, having agreed to consent to the terms below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1.    This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. § 1331, 1338.

2.   Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks"). Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's CC Mark (see below).  Coach has used the CC Mark in association with the sale of goods since as early as 2001.  The CC Mark was first registered at the U.S. Patent and Trademark Office on September 24, 2002.  Registrations for the CC Mark include, but are not limited to, U.S. Reg. Nos. 2,832,589; 3,695,290; and 2,534,429



3.   Plaintiffs have alleged that Defendants' importation, distribution, advertisement, offering for sale, and sale of products which infringe upon Coach's CC Mark ("Disputed Products") constitute trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act and under the common law.

4.   Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Decree are hereby permanently restrained and enjoined from infringing upon Coach's CC Mark either directly or contributorily in any manner, including:

(a)   Manufacturing, importing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing the Disputed Products and/or any other goods bearing a mark or feature identical and/or confusingly similar to Coach's trademarks, service marks, trade names, logos and/or copyrighted works;

(b)   Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiffs, or in any manner likely to cause others to believe

1 that Defendants' products are connected with Plaintiffs or Plaintiffs' genuine
2 merchandise;
3     (c) Shipping, delivering, holding for sale, distributing, returning,
4 transferring or otherwise moving, storing or disposing of in any manner the Disputed
5 Products except as provided under the parties Settlement Agreement;
6     (d) Committing any other acts calculated to cause purchasers to believe
7 that Defendants' products are Plaintiffs' genuine merchandise or associated with
8 Plaintiffs in any way;
9     (e) Assisting, aiding or attempting to assist or aid any other person or
10 entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to
11 5(e) above.
12     5. Plaintiffs and Defendants shall bear their own costs associated with this
13 action.
14     6. The execution of this Final Judgment shall serve to bind and obligate the
15 parties hereto.
16     7. The jurisdiction of this Court is retained for the purpose of making any
17 further orders necessary or proper for the construction or modification of this Final
18 Judgment, the enforcement thereof and the punishment of any violations thereof.
19 Except as otherwise provided herein, this action is fully resolved with prejudice.
20
21
22 IT IS SO ORDERED
23
24 DATED: October 22, 2012          _____
25                                             Honorable John F. Walter
26                                             **United States District Judge**
27
28